IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GENE COGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO.  2:09cv483-TMH |
| ) | |
| UNITED STATES BANKRUPTCY ) | |
| COURT and CHIEF JUDGE DWIGHT ) | |
| H. WILLIAMS, JR., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE and ORDER**

On May 22, 2009, Plaintiff Gene Coggins ("Coggins"), a frequent *pro se* litigant[1] in this Court, brought suit against the United States Bankruptcy Court for the Middle District of Alabama and Chief United States Bankruptcy Judge Dwight H. Williams, Jr.  With the complaint (doc. # 1), Coggins filed a motion for leave to proceed *in forma pauperis* (doc. # 2).  For the purpose of this Recommendation, the Court assumes, *without deciding*, that Coggins satisfies the economic eligibility criterion for proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).  Coggins seeks $50,700,000,000.00 in damages from the named defendants.  He does not seek declaratory or injunctive relief.  Coggins alleges that Judge Williams improperly dismissed his bankruptcy petition, denied him due process of law, and violated his constitutional rights.  According to Coggins, Judge Williams and the Bankruptcy

---

[1] The court records demonstrate that Coggins has filed fifty lawsuits in this Court since 1992. Seven were filed between 1992 and 2000, four were filed between 2004 and 2006, and 39 were filed between 2007 and 2009.

Court behaved in a corrupt fashion and mishandled his bankruptcy petition because Judge Williams was not empowered to dismiss his petition.

## DISCUSSION

Upon review of the complaint filed in this case, the Court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[2] The statute provides, in pertinent part:

> [T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  Thus, Section 1915

> allows the district court to dismiss the complaint prior to service of process if it determines the complaint to be frivolous or malicious and spare the defendant the inconvenience and expense of answering a frivolous complaint.

*Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. 1981).[3]  *See also, Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985).  A claim is legally frivolous when it lacks an arguable basis either in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.

---

[2] Coggins filed a motion for default judgment (doc. # 3) prior to service of process.  The defendants also filed a motion to dismiss (doc. # 5) prior to service of process.  Both motions are premature and therefore DENIED as MOOT.

[3] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Because defendant Williams is sued for actions taken while acting in his judicial capacity, he is entitled to absolute immunity. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all justification,'" *Bolton v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted). *Accord, Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Dennis v. Sparks*, 449 U.S. 24, 27-29 (1980); *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id*. Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constitutes a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity. *See, e.g., Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005); *Scott v. Hayes*, 719 F.2d 1562, 1565 (11th Cir. 1983).

Coggins' allegations against defendant Williams clearly implicate acts taken in Judge Williams' judicial capacity for which he is entitled to absolute judicial immunity. Without commenting on the merits or lack thereof of any of the numerous lawsuits filed by Coggins, if a bankruptcy judge has erred in rulings or in official court actions, the path for challenging such rulings is an appeal to an appropriate court. The law does not subject a court or a judge to suit by unsuccessful litigants. Thus, Coggins' dispute with the rulings of defendant Williams in his bankruptcy case does not state a cognizable federal claim. His sole remedy

3

for his dissatisfaction with that ruling is to seek further relief in that case by timely and properly pursuing an appeal of the ruling to the appropriate court. Because it is clear that Coggins cannot cure this pleading defect, his claims against defendant Judge Williams must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as those claims are based on an indisputably meritless legal theory. *See Neitzke*, 490 U.S. at 327.

Furthermore, any claims Coggins may have against the United States Bankruptcy Court for the Middle District of Alabama are frivolous and based on an indisputably meritless legal theory. As a part of the government of the United States of America, the United States Bankruptcy Court for the Middle District of Alabama is entitled to sovereign immunity which bars suit absent an explicit waiver of that immunity. *See, e.g., United States v. Shaw*, 309 U.S. 495, 500-01 (1940) (a suit against the United States or its agencies is barred by the doctrine of sovereign immunity unless the United States gives prior consent to suit).

Even if the Court were to construe the plaintiff's complaint as alleging a *Bivens* action,[4] the action is meritless. A *Bivens* claim is a judicially created counterpart to a 42 U.S.C. § 1983 civil rights action and is properly brought only against federal officials, who have allegedly denied a plaintiff's constitutional rights, in their individual capacities. *Bivens*

---

[4] After calculating his damages at $50,700,000,000.00, Coggins references to *Bivens* asserting that "[t]his Total applies to all Defendants equally, that includes all Judges, as a claim for *Brivens* (sic) *action*, . . ." (Compl. at 7). *Bivens* is one of the few ways to bring suit against a federal actor that is not barred by the doctrine of sovereign immunity. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

4

*v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 43 U.S. 390-97 (1971); *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself."). Because a *Bivens* cause of action may be brought only against federal defendants in their individual capacities, Coggins' claims against the United States Bankruptcy Court for the Middle District of Alabama are meritless. *See also, Accardi v. United States*, 435 F.2d 1239 (3rd Cir. 1970); *Fixel v. United States*, 737 F. Supp. 593, 598 (D. Nev. 1990) (dismissing as frivolous under § 1915 suit against federal district court), *aff'd* 930 F.2d 27 (9th Cir. 1991).

While Coggins complains about the fact that many of his prior cases have been dismissed by judges in this Court *sua sponte* prior to service, this practice is wholly consistent with federal law. As the Eleventh Circuit Court of Appeals recently explained, it is the recognized law of this circuit

> that district courts have the inherent power to *sua sponte* dismiss frivolous suits without giving notice to the parties. *See Jefferson v. Fourteenth Assocs.*, 695 F.2d at 526. Under § 1915A, a complaint is frivolous if it is "without arguable merit either in law or fact." *Bilal*, 51 F.3d at 1349. In discussing what is frivolous in the context of 28 U.S.C. § 1915(e)(2)(B)(i), [the Eleventh Circuit] also ha[s] held that "[a] district court may conclude a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 292 (11th Cir. 1993).

*Davis v. Kvalheim*, 2008 WL 67676 at *3 (11th Cir. Jan. 8, 2008) (No. 07-12754). A district court is not required to allow a clearly baseless action to proceed to allow a litigant to employ "the legal system as a tool to intimidate and heckle those he imagines have done him wrong."

5

*Id*.

As set out above, the Court concludes that all of Coggins' claims in this action: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. Section 1915(e) not only allows, *but expressly requires*, district courts to dismiss such accusations. That federal statute provides that a district court "shall" dismiss a complaint at any time if the court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

Thus, it is the RECOMMENDATION of the Magistrate Judge that, even assuming *arguendo* that the motion for leave to proceed *in forma pauperis* (doc. # 2) is due to be GRANTED to the extent that the plaintiff's complaint could be filed without prepayment of fees, the plaintiff's complaint be DISMISSED prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **August 26, 2009.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).   *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 12th day of August, 2009.


        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE